# Exhibit 1

## WAIVER OF NOTICE

The undersigned, constituting all of the Directors of the Board for **WHIRLED MUSIC PUBLISHING, INC.**, an Arizona corporation, do hereby waive call and notice of call of the time, place, and purpose of the Special Meeting of the Board of Directors of said corporation, and do hereby consent that said meeting be held on  8/20/02  at the Corporate office.

This meeting will be for the purpose of transacting such business as may be properly brought before the meeting.

DATED  8/20/02

_____
JEFFREY FREUNDLICH

_____
DAVID HILKER

_____
JOHN COSTELLO III

# WAIVER OF NOTICE

We, the undersigned shareholders, constituting all of the shareholders of **WHIRLED MUSIC PUBLISHING, INC.**, an Arizona corporation, do hereby waive call and notice of call of the time, place, and purpose of the Initial Meeting of the Shareholders of said corporation, and do hereby consent that said meeting be held on the following date at the corporate office for the purposes of transacting such business as may be properly brought before the meeting.

In addition, the undersigned shareholders agree on a Board of Directors consisting of the following individuals; Jeffrey Freundlich, David Hilker, and John Costello III each to hold office until his/her successor shall have been duly elected and qualified.

Dated: _5/2_____, 20_07_

_____
DAVID HILKER

_____
JEFFREY FREUNDLICH

_____
JOHN COSTELLO II

_____
DANIEL GABAY

_____
DAVID THOMAS DIETCHE

_____
ELAN FREYDENSON

_____
GARY ROMERO

_____
JOSHU FIORITO SHIMKIN

_____
RACHEL WEINSTEIN

MINUTES OF THE FIRST MEETING

OF THE BOARD OF DIRECTORS OF

WHIRLED MUSIC PUBLISHING, INC.

The first meeting of the Board of Directors of **WHIRLED MUSIC PUBLISHING, INC.**, an Arizona corporation, was held at the offices of Sigrist & Cheek, PC, 5777 South Rural Road, Tempe, AZ 85283.

All of the Directors named in the Articles of Incorporation waived call and notice of call of the meeting in writing, a copy of which is filed with these Minutes, and the following Directors were present, to wit.

**JEFFREY FREUNDLICH**

**DAVID HILKER**

**JOHN COSTELLO III**

**DAVID HILKER** acted as Chairman of the meeting, and

**JOHN COSTELLO III** recorded the Minutes.

The Chairman stated that the Articles of Incorporation had been filed with the Arizona Corporation Commission, would be duly and properly published in accordance with A.R.S. Section 10-055, and that the corporation was now qualified to transact business.

The meeting then proceeded to the election of officers and the following officers were unanimously elected:

| | |
|---|---|
| **DAVID HILKER** | President |
| **JEFFREY FREUNDLICH** | Chief Operating Officer |
| **JOHN COSTELLO III** | Secretary |

each to hold office until his/her successor shall have been duly elected and qualified.

The Chairman presented to the meeting a proposed form of Bylaws and, on motion duly made and seconded, the following resolution was unanimously adopted:

RESOLVED, that the form of Bylaws which has been submitted to the meeting be, and it hereby is, approved and adopted as the Bylaws of the corporation, and that the Secretary be and hereby is instructed to insert the same in the corporate minute book.

The Chairman then presented a proposed form of certificate for the shares of stock of the corporation. On motion duly made and seconded, the following resolution was unanimously adopted:

RESOLVED, that the form of certificate representing shares of the capital stock of the corporation which has been submitted to this meeting be, and the same is in all respects, approved and adopted as the form of certificate to represent the capital stock of this corporation.

The matter of a depository and corporate accounts was considered and thereupon, on motion duly made and seconded, the following resolutions were unanimously adopted:

RESOLVED, that a corporate bank account for and in the name of the corporation be opened at _____Wells Fargo_____, in _____Phoenix_____, Arizona, and that the checks of the corporation on said account be signed by the following individuals:

_____David Heuer, Jeff Freundlich_____

RESOLVED FURTHER, that the resolution or resolutions required by said Bank for opening of said bank account and the signing of said checks hereinbefore set forth be, and the same hereby is, considered as passed at this meeting, and that a copy of said resolution in the usual card form used by said Bank be attached to these Minutes.

RESOLVED FURTHER, that the Secretary is hereby authorized to certify to the passage of said resolution as required by said Bank at the meeting of the Board of Directors as of this date.

The Chairman stated that the corporation had not authorized the issuance of any stock. He further stated that it was deemed advisable that any stock issued should be issued so as to qualify as "Section 1244 Stock" pursuant to the Internal Revenue Code of 1986, Section 1244.

Thereupon, the plan to authorize **100,000** qualifying Section 1244 shares of common stock contained in Exhibit A was duly proposed and unanimously adopted.

2

The Chairman then stated that the following individuals had offered to purchase the following number of shares of this corporation's common stock at no-par value per share:

| | |
|---|---|
| DAVID HILKER | 2,500.0 SHARES |
| JEFFREY FREUNDLICH | 2,500.0 SHARES |
| JOHN COSTELLO III | 2,500.0 SHARES |
| DANIEL GABAY | 189.0 SHARES |
| DAVID THOMAS DIETCHE | 940.0 SHARES |
| ELAN FREYDENSON | 377.5 SHARES |
| GARY ROMERO | 125.0 SHARES |
| JOSHU FIORITO SHIMKIN | 377.5 SHARES |
| RACHEL WEINSTEIN | 491.0 SHARES |
| **TOTAL ISSUED** | **10,000 SHARES** |

for the consideration set forth in Exhibit B attached hereto.

The Chairman pointed out that shares issued by the corporation upon its acceptance of such offer would not be registered and could be issued and sold only in reliance upon an exemption from the registration requirements of the Securities Act of 1933 and the Arizona Securities Act. The issuees stated that they were purchasing the stock for investment purposes only, that they understood the risks attendant to such a purchase, and that they had complete knowledge of the financial condition of the business. They stated that they were bona fide residents of the State of Arizona, and that the company's business would be conducted solely in Arizona.

Thereupon, the following resolutions were duly proposed and unanimously adopted:

WHEREAS, it is deemed advisable by the Board of Directors that this corporation offer for sale, and issue shares of common stock authorized by its Articles of Incorporation; and

WHEREAS, it is further deemed advisable by the Board of Directors that the offer, sale, and issuance of such shares be effectuated in such a manner that qualified stockholders may receive the benefits of the Internal Revenue Code of 1954, Section 1244; and

WHEREAS, the proposed issuees have offered to subscribe for and purchase a total of **10,000** shares of the common capital stock of the corporation for the consideration as shown in Exhibit B attached hereto; and

WHEREAS, it is in the best interests of the corporation that such subscription for its common capital stock should be accepted;

3

NOW, THEREFORE, BE IT RESOLVED, that the aforesaid subscription for **10,000** shares of common capital stock of this corporation shall be and it hereby, is accepted; and that upon receipt of payment therefor, the officers shall be and they hereby are authorized and directed to issue certificates for such shares as being fully paid and nonassessable; and

BE IT FURTHER RESOLVED, that the certificate or certificates for such shares so subscribed and purchased shall conspicuously bear a such legends required by the Bylaws; and

BE IT FURTHER RESOLVED, that the Treasurer enter a certificate of receipt in the corporate minute book evidencing delivery of the consideration received and such other documents as may be necessary.

The next matter brought to the Board for discussion by the Chairman was the selection of a fiscal year for the corporation. The Chairman suggested that a fiscal year terminating on DECEMBER 31 be adopted. After a full discussion and upon motion duly made and seconded, a resolution was unanimously passed adopted DECEMBER 31 as the fiscal year end for the corporation, and the Secretary was instructed to notify such agencies as necessary of selection of the same.

The Chairman then announced that, in accordance with the Business Corporation Act of the State of Arizona, it would be necessary to determine the amount of money which should be allocated to stated capital of the corporation. The Chairman stated that he had been in contact with the corporation's accountant, who gave an explanation of stated capital. Following such explanation, upon motion duly made, seconded, and unanimously carried, it was:

RESOLVED, that the entire dollar amount of the issued and outstanding common stock of the corporation be allocated to stated capital.

The next discussion entered into by the Board involved the Medical Reimbursement Plan contained in Exhibit C. Wherefore, the Board decided that a reimbursement plan would be desirable to the Corporation. Thereupon, the following resolution was duly proposed and unanimously adopted:

The Board then considered a general resolution authorizing the President and Secretary to execute contracts, escrow agreements, deeds, deeds of trust, mortgages, trust agreements, and other forms of instruments and documents for and on behalf of the corporation in order to carry out the business and business purposes of the corporation. Upon motion duly made and seconded, the following resolutions were unanimously adopted:

RESOLVED, that the duly elected President and Secretary of this corporation, including both those presently holding office and those elected in the future, are

4

authorized and empowered in the name of and on behalf of this corporation to enter into all contracts and commitments and to do any and all acts necessary for the accomplishment of the purposes of this corporation, including the borrowing of money in any amount, with or without security therefor, and to execute any and all documents deemed by them necessary for the conduct of such business, including by way of illustration, but not limited to, notes, deeds, mortgages, deeds of trust, bills of sale, conditional sales contracts, security agreements, financing statements, purchase agreements, assignments, leases, and, in general, all instruments or documents whether similar or dissimilar to those named by way if illustration, except that the Secretary shall not execute any such instrument or documents except in attestation of the authority of the President to execute the said instrument, to purchase office supplies, furniture, and equipment necessary to operate and maintain the business of the corporation, to procure all forms of insurance as may become necessary for the protection of the corporation and the conduct of its business, to procure all licenses that may be needed for the conduct of the corporations business and to engage the services of all attorneys and accountants, and generally to conduct the business of the corporation as the General Manager thereof.

BE IT FURTHER RESOLVED, that if a party involved in such transaction requests or requires a resolution of the Board of Directors specifically authorizing all or any portion of such transaction or a resolution a particular form, the President and/or Secretary may certify such resolution as having been authorized and deemed adopted at this meeting, whereupon a copy of such certification shall be inserted in the corporation minute book; and

BE IT FURTHER RESOLVED, that the officers of the corporation be, and they hereby are further authorized and empowered to do any and all other and further things and matters, of every nature whatsoever, which such officers, in their sole and unlimited discretion shall deem necessary or proper for the purpose of effectuating and carrying out the intent and purposes of the resolution heretofore adopted at this meeting, looking toward the completion of all acts and matters in connection with the full organization and operations of the corporation, and

BE IT FURTHER RESOLVED, that all acts and things heretofore done for and on behalf and in the name of the corporation by the incorporator, **JEFFREY FREUNDLICH** be, and the same hereby are, ratified, and affirmed in each, all, and every respect.

There being no further business to come before the meeting, the same was, upon motion, duly made and seconded, adjourned.

_____  
Secretary

APPROVED: _____  
Chairman

**EXHIBIT A**

## PLAN TO OFFER QUALIFYING SECTION 1244

### SHARES OF COMMON STOCK

### FOR SALE

### OF

### WHIRLED MUSIC PUBLISHING, INC.

WHEREAS, The Board of Directors deem it advisable and in the best interest of the Corporation to offer for sale and issue shares of common stock in the total amount of not more than 100,000 in the manner such that in the hand of qualified stockholders such shares of stock will receive the benefits of Section 1244 of the Internal Revenue Code of 1954, as amended; and

Whereas, the corporation is a "small business corporation" as defined in Section 1244 (3) 2, in that:

the sum of the aggregate amount of money and other property received by the corporation for stock, as a contribution to capital, and as paid-in surplus, does not exceed 1,000,000.00; and

Whereas, there is not now outstanding any prior offering of the Corporation to sell or issue any of its stock,

Now therefore, it is hereby resolved that the proper officers of the corporation are hereby authorized and directed to offer, payable in cash or other property (other than stock or securities) as from time to time they deem to be in the best interests of the Corporation, subject to the following:

1. The plan as herein set forth upon its adoption by the Board of Directors of the Corporation shall become effective.

2. The corporation is authorized to offer and issue **100,000** shares of common stock of no par value.

6

3. The corporation shall offer and issue such shares of common stock from the date hereof until sold, or to the date when the corporation shall make a subsequent offering of any stock, whichever shall occur sooner.

4. During such period as set forth in paragraph 3, the corporation shall offer and issue only such common stock.

5. The maximum amount to be received by the corporation in consideration of the stock to be issued pursuant to this plan shall be no more than $1,000,000.

6. Such common stock shall be issued only for money and other property (other than stock or securities).

7. Such other action shall be taken by the corporations as such qualify the stock offered and issued under this plan as "Section 1244 Stock", and as such term is defined in the Internal Revenue Code and the Regulations issued thereunder.

This plan shall be interpreted and construed in such a manner as will enable it to qualify as a plan meeting the requirements of Section 1244 of the Internal Revenue Code of 1954, as amended, and as will enable the share of common stock issued thereunder to qualify as "Section 1244 Stock", as defined in said Section.

**DAVID HILKER**

ATTEST:

**JOHN COSTELLO III**

Approved and adopted by the Board of Directors on the _____ day of _____, 20 _____.

7

**EXHIBIT B**

## ASSETS EXCHANGED FOR THE NO-PAR VALUE STOCK

## OF WHIRLED MUSIC PUBLISHING, INC.

The stockholders listed below in exchange for stock in **WHIRLED MUSIC PUBLISHING, INC.**, an Arizona Corporation, hereby transfer and assign all right, title, and interest, without warranty, provided, however, all manufacturer and sales warranties are hereby assigned, in and to:

**CONTRIBUTIONS OF CASH**

| | |
|---|---|
| DANIEL GABAY | $ 5,000 |
| DAVID THOMAS DIETCHE | 19,000 |
| ELAN FREYDENSON | 10,000 |
| GARY ROMERO | 3,320 |
| JOSHUA FIORITO SHIMKIN | 10,000 |
| RACHEL WEINSTEIN | 13,000 |

**CONTRIBUTIONS OF OTHER ASSETS**

| | |
|---|---|
| DAVID HILKER | INITIAL SONG CATALOG |
| JOHN COSTELLO III | INITIAL SONG CATALOG |

**CONTINUING SERVICES CONTRIBUTIONS**

| | |
|---|---|
| DAVID HILKER/JOHN COSTELLO | MIN. OF 65 SONGS PER ANNUM |
| JEFF FREUNDLICH | MIN. OF 25 SONGS PER ANNUM |

**CONTRIBUTIONS OF FIXED ASSETS**

This information to be provided by the due date of the first tax return, including extensions.

8